```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
DOMINICK PORCO, individually and derivatively :
on behalf of MOVV, LLC,                                       :
                                                              :              1:16-cv-1003-GHW
                                          Plaintiff,          :
                                                              :              ORDER TO SHOW
                 -against-                                    :                  CAUSE
                                                              :
CHRISTOPHER ALSTON and MOVV, LLC,             :
                                                              :
                                          Defendants.         :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/10/2016

GREGORY H. WOODS, District Judge:

On January 11, 2016, plaintiff commenced this action against the above-captioned defendants in the Supreme Court of the State of New York.  On February 9, 2016, defendants filed a notice of removal to the United States District Court for the Southern District of New York.  As the basis for this Court's subject matter jurisdiction, defendants invoke 28 U.S.C. § 1332, asserting that the parties are diverse and the amount in controversy is over $75,000.  Dkt. No. 1, ¶¶ 9-15.  To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).  Defendants, as the party invoking diversity jurisdiction, "must allege in [their] pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

MOVV, LLC is a limited liability company.  When determining a party's citizenship for diversity purposes, a limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).  Defendants fail

properly to allege the citizenship of the members of MOVV, LLC.  Moreover, the complaint alleges that plaintiff Dominick Porco is a resident of New York and a member of MOVV, LLC. Dkt. No. 1, Ex. 2, ¶¶ 4-5.  And while defendants' removal notice identifies defendant Christopher Alston as a citizen of the Commonwealth of Virginia, Dkt. No. 1, ¶ 10, the complaint alleges that he resides in New York, Dkt. No. 1, Ex. 2, ¶ 5.  Thus, the Court cannot determine whether complete diversity exists, and without complete diversity, the Court does not have subject matter jurisdiction over this case.

"If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Accordingly, defendant is hereby ORDERED TO SHOW CAUSE by February 24, 2016 as to why this action should not be dismissed for lack of subject matter jurisdiction, and remanded to state court.

SO ORDERED.

Dated: February 10, 2016  
New York, New York

GREGORY N. WOODS  
United States District Judge